## No. 601

## WAXMAN v. WILCOX

Ohio Appeals, Eighth District, Cuyahoga County
No. 4481. Decided June 11, 1923

This opinion has not been published except in Abstract.

JUDGMENT—Showing necessity for vacation of judgment.

Pollock, Roberts and Farr, JJ., Sitting

POLLOCK, J.

Epitomized Opinion

Wilcox sued Waxman in Cleveland Municipal Court on an account for tuition owed him for Waxman's daughter. Default judgment was taken. At the next term, Waxman brought an action to vacate the entry, claiming (1) the court erred in dismissing the action to vacate the judgment without giving Waxman the right to be heard, and (2) it was contrary to law to dismiss this action. The motion was overruled. The trial court's action was assigned in error. In the action to vacate the judgment Waxman alleged that when summoned on Wilcox's action she turned papers over to the Ohio Service Company to represent her; that after the default judgment she discovered that the company were not attorneys and had not represented her. In affirming judgment of the lower court the Court of Appeals held:

1. Even if it was error for the trial court to dismiss the action to vacate judgment without giving a right to be heard, by GC. 11631, the court may vacate or modify a judgment after the term for unavoidably casualty or misfortune preventing a party from prosecuting or defending, and her pleading did not set out facts entitling her to relief under the statute.

2. Granting the default judgment was taken by the negligence of the company, they were her agents and their negligence would be her negligence. Negligence cannot be construed to mean either unavoidable casualty or misfortune.

Attorneys—J. B. Dworken, for Waxman; J. H. Hogg and H. W. Lower, for Wilcox.

---

## No. 602

## HALLE BROS. CO. v. KOZLOSKI

Ohio Appeals, Eighth District, Cuyahoga County
No. 4489. Decided July 2, 1923

This opinion has not been published except in Abstract

NEGLIGENCE—(1) Verdict not manifestly against weight of evidence—(2) Violation of city ordinance.

LEVINE, J.

Epitomized Opinion

The plaintiff was injured on July 14, 1921, by falling through the marques which extended outward from the building owned and maintained by the Halle Bros.. This marques was located on Euclid avenue, in the city of Cleveland, and the plaintiff, an employe, had gone out upon the same to water flowers. As a verdict was returned for plaintiff, defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. It cannot be said as a matter of law that the verdict was manifestly against the weight of evidence.

2. That Sec. 1032 of the Municipal Ordinances of Cleveland which provides was all embracive and was intended for the protection of the public and also for the protection of employes who had occasion to work upon the marques.

Attorneys—Henderson, Quail, Siddall & Morgan, for Halle Bros.; John A. Kline, for Kobloski.